UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIEN DESMOND DAILEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00073-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 15). |

　　　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

　　　　Plaintiff presents the following issues: "The ALJ erred by failing to assess Plaintiff's gout as severe at step two or account for the related limitations at steps four and five of the sequential evaluation analysis. (ECF No. 15, p. 3).

　　　　Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

**I.  ANALYSIS**

Plaintiff raises a two-part challenge to the ALJ's decision, arguing (1) that the ALJ should have found his gout severe at step two; and (2) that the ALJ failed at steps four and five to account for his gout-related limitations.

Beginning with the first part of Plaintiff's argument, the Ninth Circuit has provided the following guidance regarding whether medically determinable impairments are severe under Step Two:

> An impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." [*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)] (internal quotation marks omitted) (emphasis added); *see Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988). The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." S.S.R. No. 85–28 (1985).

Plaintiff contends that his symptoms from gout, including limitations in standing and walking, warranted a finding that his gout was severe. (ECF No. 15, p. 12). Defendant acknowledges that "Plaintiff is correct that the ALJ did not specifically find at step two that gout was a severe or nonsevere impairment," but argues that "any error at step two was harmless on this record" because the ALJ properly considered Plaintiff's gout-related limitations in formulating the RFC. (ECF No. 18, pp. 5, 7). Because Defendant offers no defense to the ALJ's decision to not include gout as a severe impairment at step two, the Court considers whether the ALJ properly accounted for Plaintiff's gout-related symptoms in connection with the RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (noting that any error in failing to find an impairment severe at step two is harmless where the ALJ considers the limitations posed by the impairment in the step four analysis).

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In

determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

The ALJ formulated the following RFC in this case:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can stand or walk for four hours in an eight-hour day. The claimant can occasionally crawl, kneel, or climb ladders, ropes, or scaffolds. The claimant must avoid even moderate exposure to respiratory irritants and hazards, such as unprotected heights and dangerous moving machinery.

(A.R. 19).

Plaintiff argues that this RFC is deficient because "[n]one of these limitations account for Plaintiff's unpredictable and persistent gout flares." (ECF No. 15, p. 13-14). Defendant argues that the ALJ properly considered Plaintiff's gout symptoms and had substantial evidence to conclude that additional limitations were not warranted in the RFC. (ECF No. 18, pp. 5-7).

Turning to the opinion, the ALJ acknowledged Plaintiff's allegations about his gout and its effect on his ability to work:

> The claimant alleged disability resulting from his severe impairments. At his hearing, the claimant testified that he could not work full-time because of gout flareups and severe pain. He also alleged lower extremity swelling and shortness of breath. The claimant testified that he was bedridden for several days a week due to exacerbations in his gout symptoms and he needed to keep his legs elevated. In terms of functional limitations, the claimant asserted difficulty lifting more than 20 pounds, standing for more than 15 minutes at a time, and walking more than a short distance. The claimant noted that he was able to care for his personal needs independently and perform some household chores. However, he also stated that

> he was applying to obtain support for his activities of daily living.
>
> In a Function Report submitted in conjunction with his application, the claimant noted some issues putting on his socks and shoes, but otherwise no significant problems caring for his personal needs. He also reported that he was able to prepare simple meals daily and perform some household chores, such as light cleaning, dusting, washing dishes, and laundry. The claimant indicated that he was able to go shopping in stores and manage his finances. In terms of functional limitations, the claimant's alleged difficulty lifting, squatting, bending, standing, reaching, walking, kneeling, and climbing stairs. Specifically, the claimant's asserted that he could only walk up to one block before he needed up to a 45-minute rest. (Exhibit 3E).

(A.R. 20).

While the ALJ recognized Plaintiff's complaints about his gout-related symptoms, the ALJ determined that his "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (A.R 20). Among other things, the ALJ pointed out that Plaintiff's "primary care examination records demonstrate only routine treatment without significant findings on examination." (A.R. 20). Generally, such records indicate that, while Plaintiff had gout, he was treated conservatively and did not exhibit significant symptoms. For example, Plaintiff was given medication to treat his gout (A.R. 597) and noted to be "stable on []meds" (A.R. 724). Additionally, Plaintiff was advised to watch his diet to control his gout with symptoms being noted when he failed to do so. (A.R. 761 – noting that Plaintiff was having gout outbreaks on his current medications but he had "not been watching [his] diet"); (A.R. 727 – noting that Plaintiff's gout had "improved on uloric but [he] did eat [a lot] of meat over the weekend and had gout in ankle"). Moreover, there are notations in the record that Plaintiff's gout had improved. (A.R. 730, 751, 755).

Additionally, the only medical opinion in the record was from State agency medical consultants. The ALJ found their opinions persuasive in terms of exertional limitations because they were supported by the medical evidence. (A.R. 21). One of these consultants, Dr. Jackson, considered Plaintiff allegations about his gout but noted as follows: "The claimant indicates in form 3441 that he has now developed gout for which his TP notes indicate treatment with initial colchicine and more recently with allopurinol. There is no evidence supporting chronic joint

disease and this condition is expected to improve with treatment." (A.R. 91). Dr. Jackson opined that Plaintiff was limited to four hours of standing or walking in an eight-hour day but was not disabled. (A.R. 90-91). Based, in part, on this opinion, the ALJ concluded that Plaintiff was "limited to light exertion and he can stand or walk for up to four hours in an eight-hour day," which was "also partly consistent with the claimant's hearing testimony alleging that he experienced lower extremity swelling." (A.R. 21). However, the ALJ included in the RFC "additional postural limitations due to [Plaintiff's] lower extremity symptoms and mobility limitations related to obesity." (A.R. 21).

In short, the Court concludes that the ALJ properly considered Plaintiff's subjective complaints, the treatment records, and medical opinion when formulating the RFC to address Plaintiff's gout-related limitations. While Plaintiff offers an alternative interpretation of the record that would find him disabled, the Court must defer to the ALJ's conclusion as it is reasonable. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Accordingly, because the ALJ properly considered Plaintiff's gout-related symptoms in formulating the RFC, any error at step two was harmless.

## II.     CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated:   **December 14, 2023**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE